8497

REID PHOSPHATE CO. *v.* FARMERS FERTILIZER CO.

BILL OF LADING—FREIGHT.—A consignee of a bill of lading marked *"shipper's load and count,"* in a controversy between him and the consignor, may show that by mistake the quantity of goods stated in the bill of lading as having been shipped was not in fact delivered to the carrier.

Before ERNEST GARY, J., Spartanburg, November term, 1911. Reversed.

Action by Reid Fertilizer Company against Farmers Fertilizer Company. Defendant appeals.

*Messrs. Bomar & Osborne,* for appellant, cite: *Bill of lading is not conclusive between the original parties:* 85 S. C. 539; 4 Elliott, sec. 1420; 1 Hutchinson, sec. 164.

*Messrs. Carlisle & Carlisle,* contra, cite: *Delivery of bills of lading constitute delivery:* 22 L. R. A. 415. *Plaintiff's remedy is against the carrier:* 1 Bay. on Sales, sec. 1211; 79 S. C. 519; 76 S. C. 175.

March 29, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was for $1,263.10, a balance alleged to be due for the sale and shipment from Charleston by the plaintiff, Reid Phosphate Company, to the defendant, Farmers Fertilizer Company, at Spartanburg, S. C. The defense was that the fertilizer shipped was short of the amount charged by eighty-five and three-tenths tons, of the value of $695.19. The plaintiff introduced bill of lading of Southern Railway Company for the entire two thousand tons, across which was written, "Shipper's load and count." There was evidence to the effect the consignor did weigh and load the acid, and that the railroad company

accepted its weights.    In the course of the trial, the Circuit Judge intimated his opinion that the defendant consignee was bound to settle according to the amount of acid set out in the bill of lading, but allowed the defendant to introduce some testimony tending to show that all the goods were not delivered, and that the cars were sealed when received. Adhering to his opinion, the Circuit Judge instructed the jury that as between itself and the consignor the consignee was bound by the bill of lading, and if it had any remedy for shortage it was against the carrier.

In *Thomas* v. *Railway Co.,* 85 S. C. 539, 64 S. E. 220, it was held that as against an innocent purchaser for value the railroad company was bound by the recitals in the bill of lading as to the quantity of goods shipped.    The rights of an innocent holder are not involved in this case.    On the contrary, the question is whether a consignee, who is also the purachaser from the consignor, is bound by the recitals of the bill of lading.

The bills of lading were *prima facie* evidence of the shipment of the goods purchased, but the consignee did not agree to be conclusively bound by it, and it was competent for the defendant to show that by mistake the quantity of goods bought had not been shipped, and that a mistake had been made in the bills of lading.    *Benjamin* v. *Cinclair,* 1 Bail. 174; 6 Cyc. 420-422; 4 Elliott on Railroads, sec. 1419.

Reversed.